UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELP INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>TIMOTHY CATRON,<br><br>        Defendant. | Case No.  13-cv-02859-WHO<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 17, 30 |

This order concerns Magistrate Judge Kandis A. Westmore's September 8, 2014 report and recommendation, in which she recommends that this Court grant default judgment in favor of plaintiff Yelp, Inc. ("Yelp") but reduce the award of statutory damages from $2,000,000 to $45,000.  Dkt. No. 30.  Yelp filed objections to the damages recommendation on September 25, 2014, three days after the fourteen day deadline set by Federal Rule of Civil Procedure 72.  Dkt. No. 32.  I have considered Yelp's objections despite their tardy arrival.

Under 28 U.S.C. § 636(b)(1), the district court must "make a de novo determination of those portions of the [magistrate judge's] report or…recommendations to which objection is made" and may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  Having considered the report and recommendation, Yelp's papers (including its objections), the record in this case, and the relevant legal authority, I agree with Judge Westmore's determination that Yelp's request for $2,000,000 in damages is excessive because it lacks a "plausible relationship" to Yelp's actual damages.  *See Adobe Sys., Inc. v. Tilley*, No. 09-01085-PJH, 2010 WL 309249, at *5 (N.D. Cal. Jan. 19, 2010); *Microsoft Corp. v. Ricketts*, No. 06-06712-WHA, 2007 WL 1520965, at *4 (N.D. Cal. May 24, 2007).  Yelp reduces its request to $300,000 in damages in the objections filed on September 25,

1  2014.  But Yelp offers no persuasive argument why a permanent injunction and award of $45,000
2  in damages will not have a sufficient deterrent effect, especially given that Yelp has provided
3  evidence of only one sale of infringing services by Catron from which he earned at most $2,495.
4  *See* Dkt. No. 30 at 22.  While the plaintiff in a trademark infringement case is entitled to damages
5  that will serve as a deterrent, it is not entitled to a windfall.  *Adobe Sys.,* 2010 WL 309249, at *5.
6  Judge Westmore's report and recommendation is correct, well-reasoned, and thorough, and
7  it is adopted in whole.  Accordingly, IT IS HEREBY ORDERED:
8  (1) Yelp's motion for default judgment is GRANTED IN PART AND DENIED IN PART.
9  (2) Yelp's request for injunctive relief is GRANTED.  Timothy Catron and his agents,
10  employees, affiliates, distributors, successors, assigns, and any other person acting in
11  concert or in participation with him is now and forever enjoined from:  (a) registering,
12  using, trafficking in, or benefiting from internet domain names that incorporate the "Yelp
13  Marks,"[1] or that incorporate words, numbers, or symbols that, collectively or in isolation,
14  are confusingly similar to the "Yelp Marks;" (b) using the "Yelp Marks" or any
15  confusingly similar marks in advertisements or otherwise in commerce in any manner
16  likely to confuse consumers as to the association, affiliation, endorsement, or sponsorship
17  of Yelp; and (c) engaging in any infringing acts involving the "Yelp Marks."
18  (3) Yelp's request for statutory damages under 15 U.S.C. § 1117(c) is DENIED IN PART.
19  Yelp is awarded $45,000 in statutory damages.
20  (4) Yelp's request for attorney's fees and costs pursuant to 15 U.S.C. § 1117(a) is
21  DENIED.

---

[1] Those marks are U.S. Patent and Trademark Office Registration Nos. 3,660,122; 3,660,119; 3,181,664; 3,938,129; 3,660,123; 3,660,120; and 3,316,616.  *See* Dkt. No. 30 at 2.

1    (5) The Clerk is directed to enter judgment and close the file.  This order disposes of

2    Docket Nos. 17 and 30.

4    **IT IS SO ORDERED**.

5    Dated: October 1, 2014



WILLIAM H. ORRICK
United States District Judge